JOHN , C. BUECHELE, PLAINTIFF - RESPONDENT. v. GEORGE L. VOGEL, DEFENDANT-APPELLANT.

Argued February 20, 1924—Decided July 9th, 1924.

Architects—Fees—Court's Finding of Facts—Reasonable Value for Services—Arbitrary Percentage for Fixing Fees—Splitting Cause of Action Into Two Suits—Plaintiff a Licensed Architect.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the defendant-appellant, *Orlando H. Dey.*

For the plaintiff-appellee, *Gaetano M. Belfatto.*

PER CURIAM.

This is an appeal by the defendant below from a judgment of the Orange District Court. The suit was instituted to recover architect's fees for plans submitted by the plaintiff to the defendant at the latter's request for a one and one-half story dwelling-house. The defendant, after the submission of the plans, abandoned the idea of building. The plaintiff was a licensed architect at the time he was employed. He claimed as his fee two and one-half per cent. on the estimated cost of the building, which was $20,312. This made $507.80. The excess of $7.80 was waived to give the District Court jurisdiction. The District Court found as facts—first, that the plaintiff was employed by the defendant to draw the plans and specifications; second, that he revised the same at the request of the defendant; third, that he did the work, and fourth, that the defendant did not pay the plaintiff; fifth, that the revision was not made necessary by any error or incompetence of the plaintiff, and, sixth, that the reasonable value of the work done by the plaintiff was $416.62. There is, in our opinion, evidence in the case which justifies these findings. They will not be disturbed.

The appellant contends, first, that the plaintiff did not prove the reasonable value of his services. The plaintiff did prove what the house would cost approximately. This is some evidence of one of the factors necessary to determine the value of the plaintiff's services. A witness, Joseph F. Cook, an architect, testified that the plaintiff's charge for the work was reasonable. This, we think, sufficient evidence to support the finding of fact made by the trial court.

The second ground of appeal is that the use of an arbitrary percentage for fixing an architect's fee was erroneous. This is the customary method of ascertaining the value of an architect's services. We see no error in the admission of this evidence or in its use in arriving at the finding made by the District Court.

The third ground of appeal is that the plaintiff split a single cause of action against the defendant into two suits. The evidence shows that the plaintiff had instituted another suit against the defendant for plans for a bungalow. While all causes of action arising out of the same contract must be included in one suit, we think this rule not applicable to the present case, as there were two separate and distinct contracts made between the parties. This created in the plaintiff two causes of action for which he was entitled to institute two separate actions.

The fourth ground of appeal is that the plaintiff was not a licensed architect. The evidence shows that the work in controversy was not undertaken until after the plaintiff had received his architect's license. He was therefore entitled to recover architect's fees.

The judgment of the District Court is affirmed, with costs.